*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SCOTT RAYMOND HANDLEY,

Defendant-Appellant.

UNPUBLISHED
November 14, 2024
10:13 AM

No. 369302
Barry Circuit Court
LC No. 2023-000155-FH

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Defendant appeals, by leave granted,[1] his above-guideline sentence of 120- to 180-months' imprisonment for operating while intoxicated causing death, MCL 257.625(4). We vacate defendant's sentence and remand for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was driving drunk when he swerved into oncoming traffic and caused a three-car accident. One person died at the scene. After defendant's arrest, his blood alcohol level was found to be 0.163%. Defendant pleaded no contest to the charged offense. At sentencing, defendant's guidelines range was correctly scored at 29 to 57 months' imprisonment. The range reflected that defendant, who was 53 years old at the time of sentencing, had no scorable prior convictions.[2] Therefore, no points were assessed for his prior record variables. The trial court departed from the guidelines range and imposed a sentence of 120 to 180 months' imprisonment. This sentence, which exceeded the top end of the guidelines range by 63 months, was the maximum sentence permitted by law. Defendant now appeals.

---

[1] *People v Handley*, unpublished order of the Court of Appeals, entered February 28, 2024 (Docket No. 369302).

[2] Defendant had one misdemeanor conviction when he was 19 years old. Due to the age of the conviction, it was not considered in assessing his total OV score. MCL 777.50(1).

## II. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks and citation omitted). "The standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Id.* (quotation marks, alteration, and citation omitted). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

Defendant argues the trial court's upward departure sentence was unreasonable and disproportionate. We agree.

Although the sentencing guidelines are now advisory, "they remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015).

> The legislative guidelines remain a useful tool that must be taken into account when sentencing a defendant, and a trial court must justify the out-of-guidelines sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been. [*People v Lampe*, 327 Mich App 104, 126-127; 933 NW2d 314 (2019) (quotation marks, alteration, and citations omitted).]

"[T]he appropriate sentence range is determined by reference to the principle of proportionality; it is a function of the seriousness of the crime and of the defendant's criminal history." *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003). The principle of proportionality "requires the sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Lampe*, 327 Mich App at 126 (quotation marks and citation omitted). "An out-of-guidelines sentence may be imposed when the trial court determines that the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Id.* (quotation marks and citation omitted). "When making this determination and sentencing a defendant, a trial court must justify the sentence imposed to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted).

> Factors that may be considered by a trial court under the proportionality standard include, but are not limited to:
>
> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the

defendant's potential for rehabilitation. [*Lampe*, 327 Mich App at 126 (citation omitted).]

Importantly, a trial court may not consider factors that "were contemplated by at least one offense variable (OV)[,]" when imposing an upward departure sentence. *Dixon-Bey*, 321 Mich App at 526. "If the trial judge justifies a departure from the guidelines by stating that he does so because of the nature of the offense and the record of the offender, the trial court has considered these factors twice." *People v Milbourn*, 435 Mich 630, 658; 461 NW2d 1 (1990) (quotation marks and citation omitted).

Before imposing defendant's sentence, the trial court noted several sentencing considerations that were in defendant's favor. It acknowledged defendant's limited criminal history, as well as his remorse and "good heart," and that he was not an evil person. But, it nevertheless imposed the maximum sentence permitted by law. It reasoned that a departure was justified to punish defendant for drinking and driving, taking the victim's life, and causing the victim's family severe emotional trauma. The record fully supports these findings. The problem, though, is that these same considerations were already accounted for in defendant's guidelines range. Specifically, defendant was assessed 50 points for OV 3 because he killed the victim while operating a motor vehicle under the influence of alcohol. MCL 777.33.[3] Likewise, defendant was assessed 15 points for OV 5 due to the serious psychological injury he caused to the victim's family. MCL 777.35.[4]

The trial court's decision to consider this conduct twice—for both the scoring of the guidelines and its departure sentence—violated MCL 769.34(3)(b), which states that a departure sentence cannot be based on "an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range[,]" because the trial court did not provide any reasoning suggesting "that the characteristic[s] ha[d] been given inadequate or disproportionate weight." *Id*. Therefore, the trial court erred when it imposed a departure sentence solely based on facts already considered by the guidelines.

The trial court did express its belief that the sentencing offense should be punished more severely than provided for by our Legislature. It began its sentencing remarks by stating that drinking and driving is an intentional act "no different than if you had a loaded a gun and shot it randomly downtown[.]" It also expressed frustration with the fact that the statutory maximum of this crime was only 15 years, reasoning:

> 15 years is not appropriate in my mind. I don't know that I would give more than that, but I don't know how you put a limit on that when somebody does a

---

[3] A 50-point assessment for OV 3 requires that "[a] victim was killed[,]" the death resulted from a criminal offense involving the operation of a vehicle, and the defendant was under the influence of alcohol. MCL 777.33(1)(b); MCL 777.33(2)(c).

[4] A 15-point assessment for OV 5 requires that the victim's family suffered serious psychological injury that required or may require professional treatment. MCL 777.35(1)(a); MCL 777.35(2).

purposeful act 'cause this isn't an accident. It's not an accident when you drink and it's not an accident when you drink and drive.

The court continued:

> In this case, as I said before, I think a proportionate sentence to the crime is really anything I'd want to give. 20, 30, 40 years 'cause he took a life. So, I don't know how that could be challenged.
>
> The proportionality in this case. He chose to drink, he chose to drive and as a consequence he took someone's life and that gentlemen who was 62 years old will be dead forever. His wife will never see him again. His kids will never see him again. His grandkids will never see him. His friends will never see him again. [Defendant,] your family will see you. They'll see you on occasion if they'd like to go to the prison, they'll be able to talk to you. There's more and more technology available for you to talk to them on a fairly regular basis and you will get out of prison at some point in time and you'll be able to conclude your life and spend time with them and I think that's fair. Even if I were able to give you life in prison, I would not do that. I think that's not proportionate.
>
> I am going to give the maximum that I'm allowed by law. I think that's appropriate in this case and that is 120 to 180 months in the Michigan Department of Corrections.

These generalized considerations about the sentencing offense are not grounded in the specific conduct of this offender. Indeed, they could presumably be used to justify a departure sentence for any offender being sentenced for this offense, rendering the guidelines meaningless. The trial court therefore abused its discretion by failing to provide adequate reasoning to support its departure sentence.

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron

-4-